# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ALEXANDER V. LONG,[1]      )
                                      )

      Plaintiff,         )
                                      )

      v.                )        No. 4:09CV2051 CDP
                                      )

ST. CHARLES COUNTY      )
SHERIFF'S DEPARTMENT,    )
et al.,                   )
                                      )

      Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Alexander V. Long, an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant plaintiff's motion to proceed in forma pauperis.[2] See

---

[1]Plaintiff has named Norman Steimel and Marissa Steimel as additional party plaintiffs in this action, but neither individual has signed the complaint or in any way indicated any intention of pursuing this case. Moreover, all of the claims in the complaint pertain to plaintiff Long. Because plaintiff may bring his own claims to federal court without counsel, but not the claims of others, the Court will dismiss the Steimels from this action. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1.

[2]Plaintiff noted in his motion to proceed in forma pauperis that he had requested an inmate account statement from the St. Charles County Department of Corrections, but that he had not received the statement. Plaintiff also stated that at

28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are]

_____

the time of the filing of his complaint his account contained zero funds. Given plaintiff's attempts to provide the Court with an account statement and his current indigent status, the Court will not assess a partial filing fee at this time.

supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff is a pretrial detainee currently incarcerated at St. Charles County Department of Corrections.[3] He brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. This action is substantially similar to a previous action filed by plaintiff, which the Court dismissed pursuant to 28 U.S.C. § 1915A.[4]

---

[3]Plaintiff is currently awaiting trial on the following charges: aggravated stalking, possession of child pornography, animal abuse, and harassment. See State v. Long, Case No. 0811-CR06631-01, Missouri Case.Net at https://www.courts.mo/gov/casenet.

[4]Long v. Straub, Case No. 4:09CV1513 CDP (E.D. Mo. December 10, 2009).

Just as in the previous action, the named defendants in this action are: the St. Charles County Sheriff's Department; Mikki Straub (police officer); Timothy Braun (appointed attorney); Ella Boone Conley (appointed attorney); John Banas (prosecuting attorney); and Scott Green (Chief Animal Control Officer).

Plaintiff asserts that defendant Straub lied to him and manipulated him into talking to her. Plaintiff claims that defendant Straub then used "false information" to get a search warrant for his residence and that the unlawful search was conducted by her and other deputies from the St. Charles County Sheriff's Department. Plaintiff further claims that the Sheriff's Department authorized false police reports and forged Norman Steimel's name in a letter which "tricked" plaintiff into acting in such a way that his bond was revoked. Plaintiff lastly asserts that "the State" (presumably through prosecuting attorney John Banas), attempted to cover up the unreasonable search and coached the grand jury regarding his indictment.

Plaintiff seeks both monetary damages and injunctive relief for the perceived violations of his rights.

### Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not

cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Braun, Conley or Green were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim against these defendants.

As for defendants Straub and Banas,[5] the complaint is silent as to whether these defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the

---

[5]Additionally any allegations against defendant Banas are legally frivolous because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

municipality/governmental entity is responsible for the alleged constitutional violation. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality or governmental entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Lastly, plaintiff's claim against the St Charles County Sheriff's Department is legally frivolous because the Sheriff's Department is not a suable entity. <u>Ketchum v. City of West Memphis</u>, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); <u>Catlett v. Jefferson County</u>, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004); <u>Dean v. Barber</u>, 951 F.2d 1210, 1214-15 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Norman Steimel and Marissa Steimel are dismissed as party plaintiffs from this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of January, 2010.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE